UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LORRIN W.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C22-0522-SKV

ORDER REVERSING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1960, has two years of college education, and has worked as a telemarketer, retail stocker, customer service representative, electronics mechanic, stone mason, and cement mason. AR 98, 260. Plaintiff was last gainfully employed in September 2019. AR 259.

In February 2020, Plaintiff applied for benefits, alleging disability as of September 13, 2019. AR 220-21, 228-33. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. AR 159-68, 172-83. After the ALJ conducted a hearing in June 2021 (AR 70-116), where Plaintiff appeared unrepresented by an attorney, the ALJ issued a decision finding Plaintiff not disabled. AR 29-38.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two**: Plaintiff has the following severe impairments: posttraumatic stress disorder (PTSD), depression, personality disorder, and traumatic cataract in the right eye.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**: Plaintiff can perform a full range of work at all exertional levels, with the following non-exertional limitations: he is limited to simple, repetitive, routine tasks with no more than occasional contact with co-workers and the general public. He functions best in an environment that does not require close collaboration with co-workers. He cannot perform jobs that require good depth perception, but can perform tasks requiring only close vision.

**Step four**: Plaintiff cannot perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 29-38.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in listing his impairments at step two, and in discounting an examining psychologist's opinion. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Did Not Harmfully Err at Step Two

At step two, the ALJ found that Plaintiff had the severe mental impairments of PTSD, depression, and personality disorder. AR 31. Plaintiff argues that the ALJ erred by not including schizoaffective disorder as a severe impairment at step two. Dkt. 10 at 1.

At step two, a claimant must make a threshold showing that his or her medically determinable impairments significantly limit his or her ability to perform basic work activities, and are therefore severe. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). However, before considering severity, there must be a determination a medically determinable impairment exists. 20 C.F.R. § 404.1521. That determination requires objective medical evidence from an acceptable medical source. *Id*. Neither a statement of symptoms, a diagnosis, nor a medical opinion suffices to establish the existence of a medically determinable impairment. *Id*.

In this case, examining psychologist James Czysz, Psy.D., diagnosed Plaintiff with PTSD and "Schizoaffective Disorder, Bipolar type v. Bipolar I Disorder Unspecified." AR 314. Dr. Czysz did not have access to any records in connection with his examination of Plaintiff (AR 312), but recorded Plaintiff's reported symptoms and noted that Plaintiff's "thinking is hard to follow, has characteristics of loose associations, and grandiosity." AR 313. The ALJ did not mention Dr. Czysz's schizoaffective disorder/bipolar disorder diagnosis in the decision.

Plaintiff argues that the ALJ erred in failing to identify schizoaffective disorder as a severe impairment at step two because it is a separate and distinct psychotic disorder that implicates different listings at step three and could have resulted in the inclusion of different limitations in the RFC assessment. Dkt. 10 at 8-9. Plaintiff's opening brief fails to address the most relevant Ninth Circuit authority on step-two errors, *Buck v. Berryhill*, which indicates that

if an ALJ proceeds with the sequential evaluation beyond step two, then any error at step-two is harmless.  869 F.3d 1040, 1048-49 (9th Cir. 2017).  On reply, Plaintiff argues that the ALJ's decision nonetheless fails to comport with *Buck* because even if the ALJ's error in failing to list schizoaffective disorder at step two was harmless, the ALJ nonetheless failed to, as *Buck* instructs, consider evidence of the limitations caused by Plaintiff's schizoaffective disorder when crafting the RFC assessment.  Dkt. 12 at 6.

This argument is unavailing because Plaintiff does not identify any particular limitations that the ALJ failed to address that were attributable to schizoaffective disorder, rather than the conditions listed at step two.  Moreover, the ALJ discussed Dr. Czysz's opinion and explained why he found it unpersuasive.  AR 35.  Given that Dr. Czysz's opinion is the only part of the record where schizoaffective disorder is mentioned, and the ALJ addressed Dr. Czysz's opinion, the Court cannot find that the ALJ failed to consider the evidence of limitations pertaining to schizoaffective disorder.  Accordingly, the Court finds that any error at step two is harmless.

**B.      The ALJ Erred in Discounting Dr. Czysz's Opinion**

As mentioned above, Dr. Czysz examined Plaintiff in December 2019 and completed a DSHS opinion describing many disabling mental symptoms and limitations.  AR 312-19.  The ALJ found Dr. Czysz's opinion to be unsupported by his examination, "which indicates some deficits, but which does not support marked limitations."  AR 35.  The ALJ also notes that Dr. Czysz examined Plaintiff during a period of homelessness, and thus his symptoms at that time "may not be consistent" with his functioning after he settled in his "current, more stable housing arrangement."  *Id*.  The ALJ also found Dr. Czysz's opinion to be inconsistent with Plaintiff's recent work activity, as well as the statements provided by Plaintiff's former employers and friends.  *Id*.

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record.  20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c).  An ALJ's consistency and supportability findings must be supported by substantial evidence.  *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Turning first to consider the ALJ's supportability finding, the Court finds that the ALJ's interpretation of Dr. Czysz's examination findings is not supported by substantial evidence.  Dr. Czysz's examination findings document many abnormalities, including Plaintiff's pressured speech, grandiose thinking, difficulty with redirecting to and focusing on the topic at hand, "unusual perceptual or sensory events," racing thoughts, confusion, and impaired ability to engage in executive functioning skills.  *See* AR 315-16.  Although the ALJ stated that these findings do not support marked limitations, this unexplained conclusion does not reasonably follow from Dr. Czysz's findings, and the Court thus finds that the ALJ erred in finding Dr. Czysz's conclusions to be unsupported by his findings.

Next, the Court considers whether the ALJ erred in finding Dr. Czysz's opinion to be inconsistent with the record.  The ALJ first found that Plaintiff's lack of stable housing at the time of Dr. Czysz's examination "may not" reflect Plaintiff's functioning once he obtained stable housing.  AR 35.  But the treatment notes that pertain to Plaintiff's transition to stable housing continue to reference unusual perceptual and sensory events, documenting, for example, his reports of experiencing "6 different personalities" and "see[ing] outside my body and my mind is masterful it can predict what is going to happen next."  AR 392.  Plaintiff also reported experiencing conflicts with his neighbors after he moved into housing and was "very emotional" and "crying on the phone" when discussing the conflicts with a social worker.  AR 393.  Shortly

after Plaintiff obtained housing, he was given an eviction notice due to his conflicts with his neighbors, and when Plaintiff attempted to address the conflict with a manager at the apartment complex, the manager told Plaintiff that he was too aggressive.  AR 394.  At a subsequent appointment, Plaintiff's social worker described his anxiety level as high due to the eviction conflict, and noted that he "was working himself up[,] every other word was a cuss word."  AR 395.

The record does contain one treatment note indicating that after the eviction crisis passed, Plaintiff reported that he was "doing okay, no worries here."  AR 397.  But one note indicating improvement cherry-picked from a record that documents Plaintiff's many significant mental health symptoms, while housed and unhoused, does not suggest that Dr. Czysz's opinion is inconsistent with the record.  Moreover, Plaintiff appeared at the hearing in 2021, after he had been living in his apartment for about a year, and described grandiose or delusional thoughts regarding being a Celtic druid and writing a treatise on quantum physics, and his communication style necessitated multiple attempts by the ALJ to redirect Plaintiff's testimony.  *See* AR 90-92, 108-14.  The record as a whole does not support the ALJ's speculation that Plaintiff's functioning improved appreciably after he obtained stable housing.

The ALJ next found that Dr. Czysz's opinion was inconsistent with Plaintiff's "recent work activities[.]"  AR 35.  The ALJ found that Plaintiff had not engaged in substantial gainful activity since his application date, however, and it is not clear why Plaintiff's ability to work before his alleged onset date in September 2019 would be inconsistent with Dr. Czysz's opinion that Plaintiff's limitations were disabling in December 2019.  If, as the Commissioner posits (Dkt. 11 at 5-6), the ALJ intended to refer to Plaintiff's side jobs during the adjudicated period, the record does not suggest that this work activity was inconsistent with the limitations that Dr.

Czysz described.  Neither Plaintiff's ability to use power tools in sporadic jobs for a friend (AR 307), nor his ability to earn $200/month performing unspecified side jobs (AR 82, 381), undermine the limitations pertaining to thought content, social interaction, and cognitive disorganization described by Dr. Czysz.

Lastly, the ALJ found Dr. Czysz's opinion to be inconsistent with statements provided by Plaintiff's former employers and friends.  AR 35 (citing AR 307-10).  Again, the Court finds no inconsistency between the lay statements and the limitations described by Dr. Czysz.  Although Plaintiff's friends stated that they were able to get along with him, they also mentioned his problems getting along with managers/bosses and opined that his mental health symptoms prevented him from continuing to work.  *See* AR 307-10.  The ALJ's finding that Dr. Czysz's opinion is inconsistent with the lay statements is therefore not supported by substantial evidence.

Because the ALJ erred in finding Dr. Czysz's opinion to be unsupported and inconsistent with the record, the ALJ erred in finding it unpersuasive on those bases.  On remand, the ALJ should reconsider the persuasiveness of Dr. Czysz's opinion.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Dr. Czysz's opinion and any other parts of the decision as necessary.

Dated this 19th day of October, 2022.

S. KATE VAUGHAN
United States Magistrate Judge